UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION



FEB 08 2017

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NUMBER C-13-1075-S |
| | § | |
| JORGE JUAN TORRES LOPEZ | § | |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE

Between on or about October 1, 2007, and up to and including December 18, 2015, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

**JORGE JUAN TORRES LOPEZ**,

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to-wit:

    a) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary instruments and funds involving the proceeds of specified unlawful activity, to wit: bank fraud, possession of stolen funds in an amount more than $5,000, and offenses against a foreign nation involving bribery of a public official and misappropriation, theft, and embezzlement of public funds by or for the benefit of a public official, to a place in the United States from or through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, to wit: bank fraud, possession of stolen funds in

an amount more than $5,000, and offenses against a foreign nation involving bribery of a public official and misappropriation, theft, and embezzlement of public funds by or for the benefit of a public official, and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

and,

  b)  to conduct and attempt to conduct financial transactions which in fact involve the proceeds of specified unlawful activity, to wit: bank fraud, possession of stolen funds in an amount more than $5,000, and offenses against a foreign nation involving bribery of a public official and misappropriation, theft, and embezzlement of public funds by or for the benefit of a public official, knowing that the property involved in the transactions represents the proceeds of some form of activity, to wit: bank fraud, possession of stolen funds in an amount more than $5,000, and offenses against a foreign nation involving bribery of a public official and misappropriation, theft, and embezzlement of public funds by or for the benefit of a public official, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

In violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

Between on or about October 1, 2007, and November 20, 2013, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

JORGE JUAN TORRES LOPEZ,

knowingly and willingly, while aiding, abetting, and assisting another, executed and attempted to execute a scheme and artifice to defraud J.P. Morgan Chase Bank and Inter National Bank, financial institutions insured by the Federal Deposit Insurance Corporation (F.D.I.C.), to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of J.P. Morgan Chase Bank and Inter National Bank, by means of materially false and fraudulent pretenses, representations, and promises. It was part of the scheme and artifice that defendant, JORGE JUAN TORRES LOPEZ, materially misrepresented his sources of income regarding the movement of moneys from the United Mexican States to the United States in furtherance of the funding of multiple offshore annuities.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THREE

Between on or about February 2, 2008, and February 6, 2008, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

JORGE JUAN TORRES LOPEZ,

did knowingly and intentionally devise a scheme or artifice to defraud J.P. Morgan Chase Bank and for obtaining money or property by means of false or fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice to defraud transmitted and caused to be transmitted by means of wire communication in interstate commerce any signal, to wit: JORGE JUAN TORRES LOPEZ materially misrepresented his source of income in

relation to the movement of moneys from the United Mexican States to the United States in furtherance of the funding of an offshore annuity and in furtherance of the scheme, JORGE JUAN TORRES LOPEZ caused a series of three wires totaling approximately $2,512,474.00 U.S. Dollars to be deposited into JORGE JUAN TORRES LOPEZ' J.P. Morgan Chase account xxxx8349.

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF CRIMINAL FORFEITURE

I.

Pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(2), the United States of America gives notice to the defendant,

JORGE JUAN TORRES LOPEZ,

that, upon conviction of an offense in violation of Title 18, United States Code, Section 1956(h) as charged in Count One of the Superseding Indictment or an offense in violation of Title 18, United States Code, Sections 1343 and 1344 as charged in Counts Two, and Three of the Superseding Indictment, the United States of America shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following:

a. All funds on deposit at Sun Secured Advantage Account Number 26-2673-031320, held at The Bank of N.T. Butterfield and Son Limited in Bermuda;

b. All funds on deposit at Old Mutual of Bermuda, Ltd., Contract Number CX4011696, held at Old Mutual, Ltd., located at Cumberland House, 6th Floor, 1 Victoria Street, Hamilton 11, Bermuda HM;

c. a personal money judgment in the amount of approximately five million dollars ($5,000,000.00) in United States currency; and,

d. The real property located at 53 South Wind Drive, Montgomery, TX 77356, with a legal description of:

Lot Twenty-one (21), Block One (1), of Bentwater, Section Nineteen (19), a subdivision situated in the Owen Shannon Survey, A-36, and the Richard S. Willis Survey, A-626, Montgomery County, Texas, according to the map or plat thereof recorded in Cabinet F, Sheet 115-B through 116-B of the map records of Montgomery County, Texas.

## II.

## SUBSTITUTE ASSETS

In the event the property that is subject to forfeiture, as a result of any act of omission of the defendant:

(1) cannot be located upon exercise of due diligence;

(2) has been placed beyond the jurisdiction of the Court;

(3) has been transferred or sold to, or deposited with a third part;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty.

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to Title 18, United States Code, Section 982(b)(1) incorporating Title 21, United States Code, Section 853(p).

A TRUE BILL:
ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
JULIE K. HAMPTON
Assistant United States Attorney