UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED
JUN 17 2020
David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | CRIMINAL NO. C-13-1075-S |
| JORGE JUAN TORRES-LOPEZ | | |

## STIPULATION OF FACT IN SUPPORT OF PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas and Lance Watt, Assistant United States Attorney, and the defendant, JORGE JUAN TORRES-LOPEZ and the defendant's counsel, hereby stipulate as follows:

I.

If this case proceeded to trial, the United States of America would prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish the Defendant's guilt:

II.

Jorge Juan Torres Lopez (hereafter Torres) served as the General Director of Promotion and Development for the State of Coahuila, then became the Secretary of Finance for Coahuila. In approximately 1994, Torres began working for the Development and Promotion department for the State of Coahuila, Mexico. From approximately 2001 to 2003, Torres served as the Treasurer for the city of Saltillo, Coahuila. From approximately 2003 to 2006, Torres served as the Comptroller for the city of Saltillo. In approximately 2006, Torres became the Secretary of Finance of Coahuila, and Torres served in this position until 2008. From approximately 2008 to 2010, Torres served as the interim Mayor of Saltillo. From approximately 2010 to 2011, Torres served as the Secretary of Social Development for the State of Coahuila. Torres served as the interim Governor of Coahuila, Mexico from January 2011 until December 2011. While he was

Director of Finance for the Statue of Coahuila, he received bribes from a contractor performing work for the State of Coahuila. That contractor received payments in Mexico from the State of Coahuila and paid bribes to Torres by making deposits into Torres' United States bank account. It is unlawful in the State of Coahuila for public officials to enrich themselves unjustly through their office, for example, by accepting bribes.

In October 2007, Torres opened an account at Inter National Bank in McAllen. Luis Carlos Castillo-Cervantes will testify that he had a road-building company operating in Mexico while Torres was Secretary of Finance for the State of Coahuila. He will say that his Mexican company received payments in Mexico from the State of Coahuila for various road-building projects. He will testify that funds received in Mexico for road-building were then deposited into Castillo's business bank account at Inter National Bank in McAllen, Texas. From that account, and from Castillo's account at a currency exchange house, the following payments were made in the United States to Torres Lopez:

| Number | Check # | Check Date | Deposit Date | Amount |
|---|---|---|---|---|
| 1 | 8740 | 10/27/2007 | 10/29/2007 | $ 10,000.00 |
| 2 | 053096 | 11/05/2007 | 11/07/2007 | $ 286,988.85 |
| 3 | 8866 | 12/27/2007 | 12/27/2007 | $ 184,452.62 |
| 4 | 9219 | 06/19/2008 | 06/20/2008 | $ 250,000.00 |
| Total | | | | $ 731,441.47 |

Defendant Torres acknowledges that $350,000.00 of the above total were bribe payments in return for the road-building contracts. Analysis of the account activity of Defendant Castillo-Cervantes' business account and Defendant Torres account at Inter National Bank in McAllen, Texas in McAllen confirms that these payments were made. However, Defendant Torres disputes the nature of the total amount received.

Account analysis shows that Defendant Torres used the funds in his Inter National Bank

12

account to purchase two pieces of real property in Texas, a house in Montgomery, TX, and an unimproved lot in Montgomery, TX. The purchases were completed during the dates of the conspiracy alleged in Count One of the Superseding Indictment.

III.

Further, the parties agree that these facts are sufficient to establish a factual basis for the Defendant's plea, pursuant to Fed. R. Crim. P. 11(b)(3). The parties further agree that other facts exist, and those facts may be relevant at sentencing herein.

The undersigned have thoroughly reviewed, understand, and agree that the information contained in this Stipulation of Fact are true and correct.

I have carefully reviewed this statement of facts with my attorney of record and declare that it is true and correct, subject to the penalties of perjury.

*On behalf of client*

_____
JORGE JUAN TORRES-LOPEZ
Defendant

APPROVED:

RYAN K. PATRICK
UNITED STATES ATTORNEY

By: _____    _____
Lance Watt                             Carlos Solis
Assistant United States Attorney       Attorney for Defendant
Southern District of Texas

13